| July Term, | Ingersoll vs. Buchanan, et. al. ' | 1865. |
|---|---|---|

|   |
|---|
| 1    181 |
| 39    405 |

# Wheeling.

## INGERSOLL vs. BUCHANAN, et. al.

July Term, 1865.

A surveyor of roads is not authorized by the act of the General Assembly of *Virginia*, passed January 6th, 1854, page 105-6, * to sue in his own name for taxes assessed by him; nor can he sue before any other tribunal than a justice of the peace or court for the county of *Marshall*.

In June, 1860, *C. Buchanan*, road surveyor in magisterial district No. 6, road district No. 2, *Marshall* county, brought suit before *J. C. McManaway*, an alderman and *ex officio* a justice of the peace in the city of *Wheeling*, *Ohio* county, against *Josiah Ingersoll*, who was a resident of that city, in a plea of debt for 12 dollars and 50 cents, on account of road tax assessed by *Buchanan* on land owned by *Ingersoll* in said magisterial and road districts in *Marshall* county. The alderman gave judgment for the amount of the claim with costs. *Ingersoll* appealed to the county court of *Ohio* county, which affirmed the judgment of the alderman, at the August term, 1860. Execution was issued thereon by the clerk of the county court on the 15th day of August, 1860. On the 6th day of October following, *Ingersoll* petitioned the circuit court of *Ohio* county for a writ of prohibition to withhold the collection of the judgment by virtue of the execution issued thereon, and obtained a rule against *Buchanan*, and the sheriff of *Ohio* county, to show cause why a

---

* "An act providing for the opening and keeping in repair the county roads in the county of *Marshall*." The 4th section after reciting the manner of levying a tax to be expended in repairing roads, provides that, "Each surveyor shall' collect all money payable as aforesaid, and all the delinquencies or fines accruing under this act in his precinct, and if necessary may sue as aforesaid before any justice of the peace or court for said county, as the jurisdiction may require, in the name of the county for the use of the precinct; shall be charged in his annual settlement of accounts with the full amount of road levy of his precinct, (unless when he shows under oath delinquents, from whom the tax could not be collected,) and shall pay over to his successor any money in his hands at the expiration of his term."

writ should not be granted prohibiting the enforcement of the judgment.

At the May term, 1864, the circuit court refused the writ, and *Ingersoll* applied to this court for relief in the premises, alleging that the alderman had no jurisdiction in the original warrant; that the county court likewise had no jurisdiction in affirming his judgment, and that the circuit court erred in overruling the application for a writ of prohibition.

*Z. Jacob*, for the plaintiff in error.
*James S. Wheat*, for the defendants in error.

BROWN, J.    This is a supersedeas to the judgment of the circuit court of Ohio county, dismissing the rule awarded to the plaintiff in error against the defendants in error, to show cause why a writ of prohibition should not be awarded against them.

It appears that C. Buchanan being surveyor of roads in magisterial district No. 6, road district No. 2, in Marshall county, as such surveyor, brought suit in Ohio county before an alderman of the city of Wheeling, in said city, and as such *ex officio* a justice of the peace therein, by warrant in a plea of debt for 12 dollars and 50 cents on account of road tax assessed against the plaintiff in error in Marshall county, who was a resident of said city, upon land owned by him in said road district in Marshall county, with interest thereon from September 1st, 1859. Upon this warrant the justice rendered judgment for C. Buchanan, who is one of the defendants in error: from which judgment the plaintiff in error appealed to the county court of Ohio county, which affirmed the judgment of the justice with costs of appeal, and awarded execution against the plaintiff in error.

The plaintiff in error then applied by petition to the judge of the circuit court of Ohio county, for a writ of prohibition: upon which application a rule was awarded him against the said C. Buchanan and the sheriff and justices of Ohio county, to show cause why the writ of prohibition should not be awarded. To this rule the parties appeared

by their attorneys, and the matters arising thereon being argued, it was considered by the court that the application for the petition be refused, and that the rule issued in pursuance thereof be dismissed, and that C. Buchanan recover against the petitioner his costs.

It is alleged for the plaintiff in error—

*First*, That the alderman, and *ex officio* a justice of the peace, in Ohio county, had no jurisdiction of the case.

*Second*, That the county court of Ohio county had no jurisdiction to affirm the judgment of the justice of Ohio county.

To this it is objected for the defendants in error, that the warrant was for a personal debt due from the plaintiff in error to the said C. Buchanan in his own right and not as surveyor of roads in magisterial district No. 6, road district No. 2, in Marshall county. But the objection is not sustained by the facts as they appear upon the record.

It was further objected for the defendants in error, that the plaintiff in error by appealing from the judgment of the justice to the county court of Ohio county, thereby submitted himself to its jurisdiction: and having invoked its aid could not afterwards be heard to question its judgment in the premises. In reply to this objection it was alleged for the plaintiff in error, that if the county court of Ohio had not jurisdiction by law, it could not be conferred by the consent of the plaintiff. The correctness of this is too well settled to require comment.

The question then to consider is, had the alderman as justice of the peace, an officer in Ohio county, jurisdiction to try the case?

It is certain he had no general authority to hear and determine such a case; nor had the said surveyor any general authority to sue for road taxes so assessed; and the only special authority is sought to be derived from the act of January 6th, 1854: Session Acts, 1854, page 105.

But that gives authority to the surveyor in Marshall county to sue for road tax in that county and in the name of

that county, before the justices or courts of that county, but to none others.

The jurisdiction exercised by the justice in this case, was therefore an assumption and without authority of law. And the jurisdiction exercised in the case by the county court of Ohio, in affirming the judgment of said justice, was equally an assumption and without authority of law.

The writ of prohibition is the conservative instrument in the hands of the superior courts by which to restrain the inferior tribunals to their lawful limits; and should have been awarded in this cause by the circuit court, instead of dismissing the rule as it did.

The objection that the county court of Ohio had ceased to exist, and that the term of office of Samuel Irwin, sheriff, had expired, furnishes no excuse for the court's refusal to award the writ of prohibition, since it appears that the execution on the judgment complained of had been issued, but not satisfied nor returned.

The said judgment of the circuit court of Ohio county ought, therefore, to be reversed: and the writ of prohibition awarded against the said Samuel Irwin, late sheriff as aforesaid, and the said C. Buchanan.

The other judges concurred in the opinion above.

JUDGMENT REVERSED.