## The State of Indiana, ex rel. Bear, *v.* Long, Supervisor.

[No. 21,602. Filed October 14, 1910. Rehearing denied November 4, 1910.]

1. APPEAL.—*Parties.—Road Supervisors.—Successors in Office.*—In an action against a road supervisor, wherein judgment was rendered for defendant, an appeal subsequently taken should name, as appellee, the supervisor in office at the time of taking the appeal. p. 644.

2. APPEAL.—*Parties.—Road Supervisors.—Successors.—Notice.*—A landowner who sues a road supervisor, and, being defeated, ap-

peals, is required to take notice of the appointment of a successor to such supervisor, where the appointment is made a matter of record in the township, and such successor has entered upon the discharge of his duties. p. 644.

3. APPEAL.—*Improper Parties.—Motion to Dismiss.—Disregard of.* —Where appellee moved to dismiss the appeal, and also filed an affidavit that the appellee officer had been succeeded therein prior to the taking of the appeal, and the appellant made no effort for eight months thereafter to substitute the proper appellee, and presents no excuse for his failure to do so, the appeal will be dismissed. p. 644.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by The State of Indiana, on the relation of Sebastian G. Bear, against Edward Long, as road supervisor of district three in Jackson township of Huntington county. From a judgment for defendant, plaintiff appeals. *Appeal dismissed.*

*Fred H. Bowers* and *Milo N. Feightner,* for appellant. *Watkins & Butler,* for appellee.

MONKS, C. J.—The relator brought this action against appellee, supervisor of road district number three, Jackson township, Huntington county, Indiana, to compel him as such officer, by writ of mandamus, to issue to said relator a road tax receipt in full for his road taxes. After issues were joined, the cause was tried by the court, and, over a motion for a new trial, final judgment was rendered on November 20, 1909, in favor of appellee. The relator prayed an appeal to this court, and filed his appeal bond within the time allowed, and within sixty days thereafter—on January 21, 1910—filed the transcript and assignment of errors in this court. It appears from an affidavit filed by appellee in this court on April 20, 1910, that his term of office as such supervisor expired in December, 1909, long before the transcript in this case was filed in this court; that on the expiration of said term of office, and before said transcript was so filed, Samuel Wohlfort was appointed supervisor of said district; that said Wohlfort duly qualified as

such successor, and "has ever since been, and is now, supervisor of said district."

It is evident that after said Wohlfort entered upon the discharge of his duties as supervisor of said road district, as the successor of said Long, in December, 1909, said

1. Long no longer had any title or interest in said office of supervisor of said district, and was not a proper appellee in this appeal at the time the transcript and assignment of errors were filed. At the time said transcript was filed, Wohlfort was the proper appellee. *Schrader* v. *State, ex rel.* (1901), 157 Ind. 341; *State, ex rel.,* v. *Board, etc.* (1904), 162 Ind. 580, 588. See, also, *Fox* v. *Trinidad Water Works Co.* (1896), 7 Colo. App. 401, and cases cited; *State's Attorney* v. *Selectmen, etc.* (1890), 59 Conn. 402, 409, 410, and authorities cited; *Secretary* v. *McGarrihan* (1869), 9 Wall. 298, 19 L. Ed. 579; *United States* v. *Boutwell* (1873), 17 Wall. 604, 21 L. Ed. 721; *People, ex rel.,* v. *Best* (1907), 187 N. Y. 1, 116 Am. St. 586, 590, 591; 3 Dillon, Mun. Corp. (4th ed.) §884; High, Extra. Legal Rem. (3d ed.) §441.

The appointment of said Wohlfort and his entry upon the discharge of his duties as said supervisor were shown by the public records of the township, where the re-

2. lator's real estate is located, and he was bound to take notice that the term of office of said Long as supervisor had expired in December, 1909, and that said Wohlfort was his successor. The relator had notice

3. of the affidavit and the facts therein stated when it was filed on April 20, 1910. The relator, notwithstanding said notice and knowledge, has made no motion or application to have the name of said Wohlfort substituted as appellee, although it is more than eight months since the transcript was filed in this court, and more than five months since said affidavit was filed. Nor has said Wohlfort made such an application. Said Long has no right to make such application.

No reason has been given for the failure of relator to name said Wohlfort as appellee in the assignment of errors when said transcript was filed, or for his failure thereafter to make application to have said Wohlfort substituted as appellee.

The appeal is therefore dismissed.