WILLIAM W. KNIGHTS *vs.* TREASURER AND RECEIVER GENERAL.

Worcester.    September 28, 1920. — October 13, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Mandamus.    Public Officer.    Practice, Civil,* Amendment.

The writ of mandamus is not directed to an office, but to the person holding the office.

If, after a petition for a writ of mandamus, commanding one holding the office of Treasurer and Receiver General of the Commonwealth not to distribute and pay over certain funds received from income taxes as required by St. 1919, c. 363, has been reserved for determination by this court, the respondent resigns his office, his resignation is accepted and his successor is appointed and qualifies, a plea in abatement then filed by the respondent must be sustained, and a motion by the petitioner to amend the petition by substituting as respondent the original respondent's successor in office must be denied, the writ which the petitioner seeks to have issued being one running against the respondent personally and not against the office of which he for the time being was a representative.

While, under R. L. c. 173, § 48, it would be permissible by amendment to bring into an action a new party defendant in substitution for the one originally named as defendant, a cause of action not in existence at the time the proceedings were instituted and arising thereafter cannot thus be brought into the case.

PETITION, filed on July 21, 1920, for a writ of mandamus commanding Fred J. Burrell, then the Treasurer and Receiver General of the Commonwealth, "not to distribute or pay over in accordance with the provisions of" St. 1919, c. 363, "any portion of the tax for the year 1920 raised from the petitioner under the provisions of" St. 1916, c. 269, or of St. 1919, c. 324.

The respondent demurred on August 24, 1920, and on August 25, 1920, the case came on to be heard before *Braley,* J., upon the petition and the demurrer and by him was reserved for determination by the full court. When the case was called for hearing before the full court, the respondent filed the plea in abatement described in the opinion and the petitioner filed the motion to amend, also there described.

*P. Nichols,* for the petitioner.

*E. H. Abbot, Jr.,* Assistant Attorney General, for the respondent.

RUGG, C. J.   This is a petition for a writ of mandamus against the person who, at the time it was filed on July 21, 1920, held the office of Treasurer and Receiver General of the Commonwealth. In substance and effect the petition alleges that the respondent is about to, and will unless restrained by the court, pay large sums of money out of the treasury of the Commonwealth to divers cities and towns in the Commonwealth in accordance with the terms of St. 1919, c. 363, and that that statute is unconstitutional and that such payments will be in derogation of the rights of the petitioner.   The case was reserved on August 25, 1920, upon the petition and demurrer for the determination of this court.   When it came on to be argued at the bar, the Attorney General offered for filing a plea in abatement setting out that Fred J. Burrell, the person named as respondent in the petition, resigned from the office of Treasurer and Receiver General on September 3, 1920, and on that date ceased to be such officer.   Certificate of the acting secretary under the seal of the Commonwealth to the same effect was presented to the court.   The fact is as thus stated.   Thereupon the petitioner offered for filing under St. 1913, c. 716, § 3, a motion to amend his petition by striking out the name of Burrell as party respondent and by substituting therefor the name of James Jackson, appointed and qualified as Treasurer and Receiver General in his stead.   The Attorney General contends that as matter of law this amendment cannot be allowed.   The preliminary questions thus raised must first be decided.

The office of the writ of mandamus is to compel the performance of some duty.   When sought against an individual, of necessity its function is to enforce a personal obligation.   If the respondent be a public officer, the duty may be purely official, nevertheless the wrong to be redressed is not one flowing from the office but from the delinquency of the person who is the incumbent of the office in refusing to perform his duty.   The averments of the petition must set out that the duty exists, that it is unperformed, that there has been demand and refusal to discharge that duty, or such conduct as dispenses with such demand, and that wrong has come to the petitioner.   Refusal or neglect to perform that personal duty constitutes the cause of action.   The duty can exist ordinarily only so long as the person holds the office.   It does not rest upon one who has been an officer after he

has retired to private life and ceased to have power to exercise the duties pertaining to the office. The writ of mandamus is not directed to an office but to the person holding the office. This is apparent, not only from the general principles governing the writ of mandamus but from the provisions of R. L. c. 192, § 5, wherein reference expressly is made to "the person who is required to appear."

It seems plain that the plea in abatement must be sustained. The person named as respondent in the original petition has ceased to hold office. If it should be held on the merits that the writ ought to issue, it could not be directed against Burrell because he no longer has capacity to perform the official duty required. He is not Treasurer and Receiver General but simply a private citizen without any official function; it cannot be directed to his successor in office because he is not a party to the proceeding and he has had no opportunity to be heard. It does not appear from the record that he would refuse to perform the duty alleged to pertain to the office, if he were asked.

The question of difficulty is whether the motion presented by the petitioner in this court to substitute Mr. Jackson, the present Treasurer and Receiver General, for the person named in the writ, can be allowed as matter of law. There is conflict of decision on the point whether such substitution can be made in the absence of an enabling statute. It was said in *Pullman Co.* v. *Croom,* 231 U. S. 571, at page 575: "The leading case upon substitution of parties in such cases is *United States* v. *Boutwell,* 17 Wall. 604, which involved the right to substitute in a suit for mandamus the successor of the Secretary of the Treasury for the one who held that office at the time the suit was commenced. Mr. Justice Strong, who delivered the opinion of the court, pointed out that the purpose of a writ of mandamus is to enforce the personal obligation of the individual, no matter how the duty arose, and that even if the party be an officer and the duty official, mandamus does not reach the office, but is directed solely to the person, who alone can be punished for failure to conform to the mandate, and the suit is therefore a personal action based upon the alleged fact that the defendant has failed to perform a personal duty. And the court concluded that, since the personal duty of the defendant lasted only so long as he occupied the

office, and as his successor was not his personal representative and could not be held responsible for his delinquencies, for the successor might have acted differently than the defendant, such action, in the absence of a statute to the contrary, must abate upon the death or retirement from office of the original defendant. This case has been uniformly followed." There are numerous decisions in the federal courts following this rule, and a few among the State courts. *United States* v. *Chandler,* 122 U. S. 643. *United States* v. *Lochren,* 164 U. S. 701. *United States* v. *Butterworth,* 169 U. S. 600. *Richardson* v.. *McChesney,* 218 U. S. 487, 493. *Shaffer* v. *Howard,* 249 U. S. 200. *State* v. *Board of State Canvassers,* 32 Mont. 13. *Rains* v. *Simpson,* 50 Texas, 495, 511. *State* v. *Guthrie,* 17 Neb. 113. *State* v. *Bloxham,* 42 Fla. 501, 503. *State* v. *Long,* 174 Ind. 642. *Reeder* v. *Wexford County Treasurer,* 37 Mich. 351.

The only exception to this principle recognized by decisions of the Supreme Court of the United States has been that of "boards and bodies of a quasi-corporate character, having a continuous existence," *Pullman Co.* v. *Croom,* 231 U. S. 571, 576, 577, or where "there is a continuing duty irrespective of the incumbent, and the proceeding is undertaken to enforce an obligation of the corporation or municipality to which the office is attached," *Thompson* v. *United States,* 103 U. S. 480, 483. *Marshall* v. *Dye,* 231 U. S. 250, 255; *Murphy* v. *Utter,* 186 U. S. 95, affirming *Utter* v. *Franklin* (by amendment after the rescript following *Utter* v. *Franklin,* 172 U. S. 416, changed to *Utter* v. *Murphy*), 7 Ariz. 300. *People* v. *Best,* 187 N. Y. 1, 5, 6. *People* v. *Ahearn,* 200 N. Y. 146. A large number of cases sometimes cited as opposed to the rule established in *United States* v. *Boutwell,* 17 Wall. 604, well may rest upon this distinction. *State's Attorney* v. *Selectmen of Branford,* 59 Conn. 402. *Shull* v. *Commissioners of Gray County,* 54 Kans. 101, 107. *Maddox* v. *Graham,* 2 Met. (Ky.) 56. *State* v. *Police Jury of Jefferson,* 39 La. Ann. 979. *Pegram* v. *County Commissioners,* 65 N. C. 114. *State* v. *Artman,* 237 Ill. 394, 399. *County Commissioners* v. *Bryson,* 13 Fla. 281, 287.

There are numerous cases which adopt the opposite view and hold that mandamus against one who has ceased to hold office either does not abate or that his successor may be substituted on

motion without an enabling statute. *Hardee* v. *Gibbs*, 50 Miss. 802, 806. *Lindsey* v. *Auditor of Kentucky*, 3 Bush, 231, 235. *State* v. *Puckett*, 7 Lea, 709, 711. *State* v. *Warner*, 55 Wis. 271, 285. *Stone* v. *Bell*, 35 Nev. 240, 244. *Nance* v. *People*, 25 Col. 252, 257. See, in this connection, cases of like nature concerning the writ of prohibition: *Commonwealth* v. *Latham*, 85 Va. 632; *Ex parte Peterson*, 33 Ala. 74, 77; *State* v. *Shea*, 28 Okla. 821, 827; *Ingersoll* v. *Buchanan*, 1 W. Va. 181.

The reasoning of *United States* v. *Boutwell*, 17 Wall. 604, and the other decisions which amplify and affirm it, seems to us sound and unanswerable.

The case at bar does not fall within the exception. The Treasurer and Receiver General is an officer of the State and not of a governmental subdivision like a city, town or county. He exercises the functions of the Commonwealth within the limitations of his office.

The Commonwealth is not directly suable in respect of the matters set forth in the petition. The State cannot be made a party defendant in its own courts except by its consent. *McArthur Brothers Co.* v. *Commonwealth*, 197 Mass. 137. No statute has been passed authorizing a suit against the sovereign power in an instance like the present.

No statute of this Commonwealth authorizes an amendment substituting the present Treasurer and Receiver General for his predecessor in the case at bar. Our statute as to amendments is broad. R. L. c. 173, § 48. It has been liberally construed. But amendments cannot be allowed touching the substance of the action except to enable "the plaintiff to sustain the action for the cause for which it was intended to be brought." A cause of action arising subsequent to the institution of the action is outside the scope of these words of the statute and cannot be included in the original action by amendment. It must be made the basis of a new proceeding.

It is manifest from the grounds of decision in *United States* v. *Boutwell*, 17 Wall. 604, that the cause of action set out in the petition concerns the conduct of the respondent Burrell and does not relate to any action of the present Treasurer and Receiver General. There could have been no official action by the present Treasurer and Receiver General and hence no complaint touch-

ing his conduct when the petition was filed against his predecessor in office. He was not then the holder of the office and could take no official action. Indeed, it was held by the judgment in *United States* v. *Boutwell* that an attempt by the court to bring in the successor in office of Mr. Boutwell "would be the exercise of original jurisdiction over both a new party and a new cause, for the duty which he would be required to perform would be his own, and not that of his predecessor." Those words are equally applicable to the case at bar. While under our statute it would be permissible by amendment to bring in a new party defendant in substitution for the one originally named as defendant, *McLaughlin* v. *West End Street Railway*, 186 Mass. 150, nevertheless a cause of action not in existence at the time the proceedings were instituted, and arising thereafter, cannot be brought into the case by amendment. This is the plain effect of the words of the statute quoted above. It has been expressly so decided. *Church* v. *Boylston & Woodbury Cafe Co.* 218 Mass. 231. *Clark* v. *New England Telephone & Telegraph Co.* 229 Mass. 1, 6. The principle of adjusting in a final decree in equity all the incidental rights of the parties growing out of the original cause of action, even though in some details subsequent to the entry of the cause in court, stands on a quite different footing. *Day* v. *Mills*, 213 Mass. 585.

This conclusion is supported by another consideration. It is provided by R. L. c. 171, § 19, that "An action on a note, bond, contract or other liability made to or with the Treasurer and Receiver General, or of a county, city, town, parish or other corporation, or to or with any other public officer or trustee appointed under a statute, may, after his removal, resignation or death, be commenced or, if before commenced, may be prosecuted by his successor. . . ." This statute in substance has been in force for many years. St. 1797, c. 14. Rev. Sts. c. 13, § 24. The narrow restriction of the words of this section indicate an underlying conception of the necessity of some statute to effectuate that result and that other actions by or against public officers could not be thus prosecuted. No statute would be necessary as to actions on instruments by express terms running to a public officer and his successors in accordance with statute. *Stevens* v. *Hay*, 6 Cush. 229, 230. *Holten* v. *Cook*, 12 Mass. 574. But the case at bar is not of that nature.

However desirable it may be that a proceeding like the present be prosecuted against one who has become the successor in office of the original respondent, that result cannot be reached by judicial action but by legislation, a remedy which has been afforded in some other jurisdictions. See, for example, 30 U. S. Sts. at Large, 822; U. S. St. 1899, c. 121; *Caledonian Coal Co.* v. *Baker*, 196 U. S. 432, 442; Gen. Laws of R. I. 1909, c. 283, § 13; *Richmond* v. *Cole*, 41 R. I. 275.

The result is that we feel constrained to hold that the plea in abatement must be sustained and that the motion to amend must be denied.

*So ordered.*