PATRICK J. TYMON *vs.* COMMISSIONER OF PUBLIC WORKS
OF QUINCY.

Suffolk.   November 19, 1926, January 26, 1927. — February 2, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, & PIERCE, JJ.

*Mandamus. Practice, Civil,* Parties, Abatement, Amendment in Full
Court, Order nunc pro tunc.   *Public Officer.   Civil Service.*

If, after argument but before determination by this court of exceptions by
the commissioner of public works of the city of Quincy, respondent in
a petition for a writ of mandamus ordering the reinstatement of the
petitioner as a foreman, the individual named as respondent ceased to
hold office as commissioner and his successor was appointed, a plea in
abatement presented to this court by the respondent must be granted
and a motion by the petitioner, presented at the same time, that the
respondent's successor in office be substituted as respondent must be
denied.   Following *Knights* v. *Treasurer & Receiver General,* 236 Mass.
336.

Under G. L. c. 231, § 125, such motions properly were heard in this court.

The court would have no power in the circumstances above described to
enter an order for the issuance of the writ of mandamus *nunc pro tunc*
as of a date previous to the respondent's retirement from office even
if the respondent's exceptions were overruled on their merits.

PETITION, filed in the Supreme Judicial Court for the
county of Suffolk on December 2, 1925, for a writ of man-
damus directing John J. Cosgrove, then commissioner of
public works of the city of Quincy, to reinstate the peti-
tioner as foreman in that department.

The petition was heard on March 22, 1926, by *San-
derson,* J., who ordered the writ to issue.   The respondent
Cosgrove alleged exceptions.   Further proceedings and
motions in this court are described in the opinion.

*J. D. Smith,* for the respondent.

*J. J. McAnarney,* City Solicitor, for Frederick E. Tupper.

*W. J. Kenney,* for the petitioner.

RUGG, C.J.   This is a petition for a writ of mandamus
brought by one employed as a foreman in the public works
department of the city of Quincy, who contended that under
the civil service law and rules he had been illegally removed

by the respondent.   The case was argued at the bar of this court in November, 1926.   The pressure of other work of the court was so great that it could not be decided before January 26, 1927.   On that date the respondent appeared at the bar and offered for filing a plea in abatement, setting out that he is no longer commissioner of public works of the city of Quincy and that an official has been appointed his successor.   The facts thus pleaded are conceded.   At the same time the petitioner filed a motion setting forth that the respondent is no longer commissioner of public works of the city of Quincy and that one Frederick E. Tupper, on or about the first week of January, 1927, was appointed and qualified as such commissioner in place of the respondent; and that on January 13, 1927, he handed to said Tupper a request that the petitioner be reinstated to the position from which he had been removed by Cosgrove; that said Tupper has declined to make such reinstatement or to commit himself definitely as to his policy in the premises; and moving that said Tupper be substituted for said Cosgrove as respondent.

Proceedings of this nature now may be had before the full court as well as in the trial court.   G. L. c. 231, § 125.   The plea in abatement must be granted, and the motion to substitute the successor in office of the respondent as respondent must be denied.   All this is expressly decided in *Knights* v. *Treasurer & Receiver General*, 236 Mass. 336, where the reasons are stated at length.   They need not be repeated.   The original respondent was a single public officer and not a board having a continuous existence.   The case at bar is distinguishable from *Andrews* v. *Board of Registrars of Voters*, 246 Mass. 572.

The petitioner also filed a motion to overrule the respondent's bill of exceptions and praying that a final order *nunc pro tunc*, as of a time prior to the retirement of Cosgrove from office, reinstating the petitioner in his position may be issued. The principles governing the entry of decisions *nunc pro tunc* are set forth with fullness in *Perkins* v. *Perkins*, 225 Mass. 392.   They need not be amplified anew.   It there is stated at page 396 that one function of such an order is "to prevent a failure of justice resulting, directly or indirectly from delay

in court proceedings subsequent to a time when a judgment, order or decree ought to and would have been entered, save that the cause was pending under advisement." That principle, however, has no application to a proceeding like the present. If the writ of mandamus ought to issue, it must run against the person named as respondent enjoining him to perform a public duty. The issuance of such a writ must in truth be at the time when finally decided by the court that it ought to issue. At such time in the case at bar the respondent Cosgrove has been stripped of all official authority and he is powerless to comply with the terms of the writ. This difficulty cannot be overcome by ordering the writ to issue as of an earlier date because he cannot perform the duty as of an earlier date, being without power to perform any duty connected with the office formerly held by him. This was the substance of the decision in *Springfield* v. *Hampden Commissioners of Highways*, 6 Pick. 501, 507, 508. The nature of the remedy here invoked distinguishes the case at bar from *Fenelon* v. *Fenelon*, 244 Mass. 14. The disposition of the plea in abatement and of the motions is without prejudice to other rights of the petitioner. The petitioner's motions must be denied and the respondent's plea in abatement granted.

*Ordered accordingly.*