DELLA H. CLIFFORD *vs.* SCHOOL COMMITTEE OF LYNN.

Essex.    March 6, 1931. — April 2, 1931.

Present: RUGG, C.J., PIERCE, WAIT, & SANDERSON, JJ.

*Mandamus.    Schools and School Committee.    Constitutional Law.*

In a petition for a writ of mandamus to compel the reinstatement of the petitioner as a teacher in the public schools of a city, the parties filed a stipulation that the writ might issue and the petitioner be reinstated as of the date of his dismissal, about three and one half years previously. Subsequently, the case was heard by a single justice, who found that the petitioner had been elected a member of the city's school committee since the commencement of the proceedings, and ordered the petition dismissed as a matter of law. *Held*, that

(1) The stipulation by the parties could not affect the duty of the court to decide upon the facts and the law whether a writ should issue;

(2) The order in a writ of mandamus is a present, peremptory command and should be enforceable at the time the writ is issued: if the petitioner had become ineligible to hold the office of school teacher at the time the case was ripe for judgment, the writ should not issue, even if before that time he might have been entitled to it;

(3) By becoming a member of the school committee in the city, the petitioner made himself ineligible to hold the position of teacher therein;

(4) Since the petitioner was ineligible at the time the case was ripe for judgment, the order by the single justice was correct;

(5) No constitutional rights of the petitioner were violated.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Essex on October 27, 1927.

The stipulation mentioned in the opinion was filed as of November 18, 1930. The case was heard by *Crosby*, J., who, in the circumstances described in the opinion, ordered

the petition dismissed and reported the case for determination by the full court.

*E. M. Shanley,* for the petitioner.

No argument nor brief for the respondents.

SANDERSON, J. The petitioner brought this petition in October, 1927, for a writ of mandamus against the school committee of the city of Lynn directing that she be reinstated as a teacher. It appeared that she had served as a teacher in the schools of that city for sixteen years prior to March 29, 1927, when the school committee voted to dismiss her. The record contains a report of the circumstances leading to their vote of dismissal including a statement of their reasons for the proposed dismissal, the assignment of a time for hearing and communications, decisions and statements made a part of the records of the school committee. The auditor appointed in the case found that the petitioner "was performing her duties in an able and competent manner, is fully qualified in all respects to perform her said duties, and no justification existed for the vote of dismissal."

The parties undertook to stipulate by an agreement in writing, permitted to be filed as of a date before the decision in the case was made, that a writ of mandamus might issue in favor of the petitioner against the respondents as prayed for, and that the petitioner be reinstated as of the twenty-ninth day of March, 1927. Such an agreement cannot affect the duty of the court to decide upon the facts and the law whether a writ should issue. See *Warner* v. *Mayor of Taunton,* 253 Mass. 116, 117. On December 2, 1930, the single justice made a finding of fact, ruling of law and order for judgment in the following terms: "This case came on to be heard before me upon the pleadings and the auditor's report. It appears and I find that counsel for the petitioner stated in open court that the petitioner, since the entry of these proceedings, has been elected a member of the school committee of the city of Lynn and has qualified as such. I therefore rule, as matter of law, that the petition should be dismissed. Judgment is to be entered accordingly." Thereafter the single justice at the

request of the petitioner reported the case to the full court for its consideration and determination.

If the petitioner had become ineligible to hold the office of school teacher in Lynn at the time the case was ripe for judgment, the writ should not issue even if before such ineligibility she would have been entitled to it. The order in the writ is a present, peremptory command and should be legally enforceable at the time the writ is issued. See *Tymon* v. *Commissioner of Public Works of Quincy,* 258 Mass. 370, 372.

The petitioner's prayer for a writ ordering her reinstatement as teacher necessarily involves not only wrongful removal from the position which she had held but continued eligibility to hold that position up to and including the time the final order is made. The question whether in December, 1930, she could legally hold the position of teacher in the schools of Lynn was a proper matter for the consideration of the court. The petitioner has no ground for objecting to the finding of the single justice based upon a statement of counsel in open court that since the entry of the case the petitioner had been elected a member of the school committee of the city of Lynn and qualified as such. See *Sullivan* v. *Secretary of the Commonwealth,* 233 Mass. 543, 545, 546. By becoming a member of the school committee in that city she made herself ineligible to hold the position of teacher therein. G. L. c. 71, § 52. See *Barrett* v. *Medford,* 254 Mass. 384, 386; *Attorney General* v. *Henry,* 262 Mass. 127, 132.

The single justice was right in ruling as matter of law that the petition should be dismissed and in ordering judgment accordingly. In our opinion the petitioner has been deprived of none of her constitutional rights by the ruling and order made. The conclusion reached by us in the case is based solely upon the fact of the petitioner's ineligibility, at the time the order for judgment was made, to hold the office to which she seeks to be reinstated. We do not undertake to decide what her rights would be apart from that fact.

*Petition dismissed.*