QUINCY S. LOWRY *vs.* COMMISSIONER OF AGRICULTURE.

Suffolk.   June 27, 1938. — January 9, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & COX, JJ.

*Civil Service.   Mandamus.   Practice, Civil,* Question of law or fact.   *Public Officer.   Waiver.   Estoppel.*

One not given, after request, the hearing to which he was entitled under G. L. (Ter. Ed.) c. 31, § 43, respecting his removal from a position in the classified civil service, may secure reinstatement to his position by mandamus.

Even if a hearing under G. L. (Ter. Ed.) c. 31, § 43, begun within fourteen days after the request therefor, may be adjourned and completed after the expiration of that time, the applicant is denied the hearing if its completion is unreasonably delayed without his consent.

On undisputed facts, what is a reasonable time is a question of law.

Delay in completing a hearing under G. L. (Ter. Ed.) c. 31, § 43, was unreasonable and amounted to a denial of the hearing where it was begun seasonably after request and was thereafter adjourned for four months with the applicant's acquiescence, but, more than three months after requests by the applicant for resumption of the hearing, the officer holding it had taken no steps toward its resumption.

In the circumstances there was no waiver of or estoppel to assert a right to a hearing under G. L. (Ter. Ed.) c. 31, § 43, by acquiescence in delay in resuming a hearing begun and later suspended.

The validity of the abolition of a position in the classified civil service, upon which was grounded the removal of its occupant, was a matter reviewable by a district court under G. L. (Ter. Ed.) c. 31, § 45, so that upon his being improperly denied a hearing under § 43, neither the abolition nor the fact that no appropriation was made for the salary of the position after the abolition was a bar to his reinstatement as required by § 43.

A right to reinstatement in a position in the classified civil service from which the occupant had been removed without being given a requested hearing by the removing officer under G. L. (Ter. Ed.) c. 31, § 43, could be enforced in mandamus proceedings begun against that officer's successor after the successor had refused to comply with a demand upon him for reinstatement.

A writ of mandamus to compel reinstatement in a position in the classified civil service from which the petitioner had been removed without being given a requested hearing under G. L. (Ter. Ed.) c. 31, § 43, should not have ordered reinstatement "without loss of compensation."

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on October 8, 1937.

The case was reported by *Pierce*, J., and was submitted on briefs to the full court.

*L. Mason & J. W. Kelleher*, for the petitioner.

*P. A. Dever*, Attorney General, *& R. Clapp*, Assistant Attorney General, for the respondent.

FIELD, C.J.  This is a petition for a writ of mandamus, brought October 8, 1937, to compel the respondent, the present incumbent of the office of commissioner of agriculture, to restore the petitioner to his former position as assistant director of the division of plant pest control in the department of agriculture "without loss of compensation." It was heard by a single justice of this court, who, at the request of the parties, reported the case, without decision, upon the petition and amended answer, for the determination of the full court.  See G. L. (Ter. Ed.) c. 211, § 6;  c. 231, § 111;  *Campbell* v. *Justices of the Superior Court*, 187 Mass. 509, 510.  On a report in this form no exercise of discretion is involved.  The question for determination is whether the writ ought to issue as matter of law. *Cochran* v. *Roemer*, 287 Mass. 500, 502.

The respondent by his amended answer admits the facts alleged in the petition, except certain such facts which he submits are not material, but denies if material, and makes certain affirmative allegations of fact.  The petitioner did not traverse any facts alleged in the answer.  See G. L. (Ter. Ed.) c. 249, § 5.  The case, therefore, is presented on the material facts alleged in the petition and not denied in the amended answer, together with the material facts alleged in the answer, which are to be taken as admitted. *Horan* v. *Boston Transit Commission*, 227 Mass. 142, 145.

The facts so established include these:  The petitioner held the position of assistant director of the division of plant pest control in the department of agriculture — herein referred to as assistant director — continuously from May 13, 1921, until he was removed therefrom, as herein stated. As such assistant director he was within the provisions of G. L. (Ter. Ed.) c. 31, § 43, relating to removal.  On or about July 30, 1936, the petitioner received a letter from Howard Haines Murphy, then commissioner of agriculture,

in which it was stated that the position of assistant director was abolished as of July 31, 1936, and that the services of the petitioner would no longer be required. Thereafter the petitioner was prevented by said Murphy from the further performance of the duties of said position. The petitioner, on August 1, 1936, filed with Murphy a request in writing for a public hearing. On or about August 11, 1936, the petitioner received a letter from Murphy acknowledging receipt of this request and fixing August 14, 1936, as the date for a hearing. A hearing was commenced before Murphy on that date, but was "adjourned at 4:45 P.M. unfinished," and "was continued on that date until such further date as said commissioner should determine." Counsel for the petitioner, on December 16, 1936, by a letter in which he stated the reasons why he had not cared previously to press for further hearing — including recognition of the requirements of Murphy's official duties and illness of the petitioner's counsel — requested said Murphy to "assign a new date for the continued hearing in this matter and advise . . . [him] at once," and requested a copy of the transcript of the evidence, and, on December 30, 1936, having received no reply, he requested by letter "an immediate reply to . . . [his] communication of December 16th." On January 4, 1937, Murphy answered by a letter in which he stated that he was planning to give the case his consideration "after our agricultural legislation for the coming year is out of the way," and that he would send a copy of the transcript of evidence "at the earliest possible moment." On January 18, 1937, counsel wrote a letter to Murphy asking to be advised whether he was "now prepared to resume hearings," and, under date of January 29, 1937, Murphy replied that he was sending counsel a copy of the transcript of the evidence, and that as soon as he had "an opportunity to arrange for the hearing to be continued" he would notify counsel. The petition alleged and the answer admitted that "no attempt was made by said commissioner then or at any time thereafter . . . ['to resume said . . . unfinished hearing'] and that said unfinished hearing, started on August 14, 1936,

was never culminated nor continued and that the said Howard Haines Murphy, commissioner of agriculture for the Commonwealth of Massachusetts, refused to set a date for the resumption thereof and continued so to refuse until the completion of his tenure of office." On March 31, 1937, Murphy was removed from office as commissioner, and on April 14, 1937, the respondent was appointed commissioner. See *Murphy* v. *Casey*, 300 Mass. 232. On May 17, 1937, the petitioner made demand on the respondent for reinstatement without loss of compensation, in the position of assistant director. The respondent refused and has continued to refuse to reinstate the petitioner, though, as appears from the answer filed October 19, 1937, "he is ready and willing to go forward with the hearing . . . which has remained unfinished by reason of the removal of said Murphy from his former position as commissioner . . . if the petitioner is now entitled to such continuance of the said hearing." The position of assistant director "has not been recreated" and "no appropriation for the salary thereof has been made by the Legislature."

G. L. (Ter. Ed.) c. 31, § 43, which was applicable to the petitioner, provides that, with certain exceptions not here material, "every person holding office or employment in the classified public service of the commonwealth . . . shall not be removed therefrom . . . except for just cause, and for reasons specifically given him in writing within twenty-four hours after such removal," and that if "within three days thereafter, the person sought to be removed . . . shall so request in writing, he shall be given a public hearing in not less than three nor more than fourteen days after the filing of the request, by the officer or board whose action affected him as aforesaid . . . and shall be notified, in writing within three days after the hearing, of the decision of such officer or board. In default of such hearing, said person shall forthwith be reinstated." Section 45 provides that "within thirty days after the hearing provided for in section forty-three . . . the person so removed . . . may bring a petition in the district court of the judicial district where such person resides . . . praying that the

action of the officer or board may be reviewed by the court, and . . . it shall review such action . . . and shall affirm the decision of the officer or board unless it shall appear that it was made without proper cause or in bad faith, in which case said decision shall be reversed and the petitioner be reinstated in his office without loss of compensation." Section 46A provides that "The supreme judicial court shall have jurisdiction of any petition for a writ of mandamus for the reinstatement of any person alleged to have been illegally removed from his office or employment under this chapter; provided, that such petition shall be filed in said court within six months next following such allegedly illegal removal, unless said court for cause shown extends the time." For statutes applicable to certain other offices and employments see G. L. (Ter. Ed.) c. 31, §§ 42A, 42B, 45, 46.

It appears from the statutes above set forth that there are two methods by which a person within the classified public service of the Commonwealth, holding a position such as was held by the petitioner, who has been illegally removed therefrom, may be reinstated therein: one, by petition to the District Court for review of the action of the removing officer or board; the other, by writ of mandamus. The remedy by petition to the District Court, when available, is exclusive. The court so held before § 46A was inserted in G. L. c. 31, by St. 1930, c. 243. See *Peckham* v. *Mayor of Fall River*, 253 Mass. 590, 593; *Reagan* v. *Mayor of Fall River*, 260 Mass. 529, 531. And the scope of a writ of mandamus was not enlarged by that statute. According to the ordinary meaning of its words it relates only to such petitions for writs of mandamus as previously could have been brought and merely limits the time within which the petitions must be filed. Moreover, St. 1930, c. 243, was entitled, "An Act limiting the time within which petitions for writs of mandamus may be brought to compel reinstatement of certain persons to positions in the classified civil service." See *Brown* v. *Robinson*, 275 Mass. 55, 57. Furthermore, it appears to have been based upon a report of a Joint Special Committee on

Civil Service Laws, Rules and Regulations, recommending that the time for bringing such petitions be limited. House Document (1930) 1001, page 9. *Munds v. Superintendent of Streets of New Bedford*, 264 Mass. 242. See *Hood Rubber Co. v. Commissioner of Corporations & Taxation*, 268 Mass. 355, 358.

The remedy by petition to the District Court, however, is not available to a person removed who has been deprived of the "decision," importing a "public hearing," to which he is by law entitled. Without such a "decision" there is nothing which can be reviewed by the District Court. And, by express provision, in "default of such hearing" the person removed "shall forthwith be reinstated." § 43. To deprive such a person — who, but for his removal, legally held the office or employment — of his remedy by petition to the District Court is a wrong to him. If he is deprived thereof, as by being denied the public hearing, duly requested by him, to which he was entitled, he may resort to the remedy of a petition for a writ of mandamus, and, on such a petition, he is entitled to be reinstated, though in all other respects the removal was legal. *Moloney v. Selectmen of Milford*, 253 Mass. 400, 407. *Peckham v. Mayor of Fall River*, 253 Mass. 590, 593. *Reagan v. Mayor of Fall River*, 260 Mass. 529, 531–532. *O'Brien v. Inspector of Buildings of Lowell*, 261 Mass. 351, 354. The respondent concedes that the petitioner was entitled to the public hearing which was an essential prerequisite to the remedy by petition to the District Court. See *Garvey v. Lowell*, 199 Mass. 47; *Commissioner of Public Works of Boston v. Justice of the Municipal Court of Boston*, 228 Mass. 12, 16; *Yunitz v. Chelsea*, 270 Mass. 179, 181–182. See also *Barnard v. Lynn*, 295 Mass. 144; *Fortin v. Chicopee*, 301 Mass. 447, 448. Compare *Selectmen of Milton v. Justice of the District Court of East Norfolk*, 286 Mass. 1, 4–6; *Whalen v. First District Court of Eastern Middlesex*, 295 Mass. 305, 308.

The principal, if not the only, contention argued by the respondent in opposition to the issuing of the writ is that the petitioner has not been denied the public hearing to

which he was entitled. This contention cannot be sustained.

By an express provision of G. L. (Ter. Ed.) c. 31, § 43, a person removed from office or employment is entitled not only to a "public hearing," but also to "be allowed to answer the charges preferred against him, either personally or by counsel." The "public hearing" must be "a full and proper hearing, in the nature of a trial," "a proceeding in the nature of a judicial investigation," though "the attainment of substantial justice rather than the observance of any particular formalities is aimed at." *McCarthy* v. *Emerson*, 202 Mass. 352, 354. *Stiles* v. *Municipal Council of Lowell*, 233 Mass. 174, 181. *Corrigan* v. *School Committee of New Bedford*, 250 Mass. 334, 338. The admitted facts show that no such full hearing was given to the petitioner by said Murphy during his tenure of office as commissioner. But the respondent attempts to meet these facts by the argument — in substance if not in form — that the hearing was not completed but was adjourned to be later resumed, and consequently that there has been no "default of such hearing."

The public hearing to which the petitioner was entitled was begun seasonably on August 14, 1936, "not . . . more than fourteen days after the filing of the request" therefor by the petitioner. We assume in favor of the respondent, without discussion or intimation of opinion, that neither the failure to complete this hearing within the fourteen-day period, nor the removal of Murphy from office as commissioner on March 31, 1937, and the appointment of the respondent on April 14, 1937, as his successor in that office, before the hearing was completed, was in itself sufficient to deprive the petitioner of the public hearing to which he was entitled. But on an independent ground we think that, as matter of law on the admitted facts, he was deprived by Murphy of such a hearing at some time not later than the time when Murphy was removed from office.

The duty to give a public hearing to a person removed from office or employment in the classified public service who, as here, has duly requested a public hearing, rests

upon the removing officer or board who, without further demand, must provide adequate opportunity for such a hearing. As to this step in proceedings for removal the removing officer or board must take the initiative. The statute, by fixing within narrow limits the times within which the various steps in proceedings relating to removals must be taken, shows a clear purpose that these ·steps, whether to be taken by the person removed or by the removing officer or board, shall be taken promptly. Even if — in view of the facts of common knowledge that a public hearing may consume considerable time and removing officers and boards have other duties to perform — a public hearing, which must be "given" in "not . . . more than fourteen days after the filing of the request" therefor, if begun within the fourteen-day period, may, without violation of the statute, be adjourned from time to time and completed after the expiration of that period, it is clearly implied that resumption of the hearing must not be unreasonably delayed and that such hearing must be completed within a reasonable time. See *Ransom* v. *Boston*, 196 Mass. 248, 252; *McCarthy* v. *Commonwealth*, 204 Mass. 482, 485.

What is a reasonable time in any case "must be determined with reference to the· thing to be done in view of all the attendant circumstances." *McCarthy* v. *Commonwealth*, 204 Mass. 482, 486. See also *Loring* v. *Boston*, 7 Met. 409, 412. And, in view of the purpose of the statute relating to removals, completion of a public hearing thereunder within a reasonable time necessarily imports prompt completion thereof — at least where the person removed has not acquiesced in greater delay. The question how long a time is reasonable, when the facts are undisputed, is a question of law. *Lewis* v. *Worrell*, 185 Mass. 572, 575. *Orr* v. *Keith*, 245 Mass. 35, 39. Compare *McCarthy* v. *Commonwealth*, 204 Mass. 482, 486.

We think that, as matter of law on the admitted facts, the delay in completing the hearing before Murphy was removed from office as commissioner on March 31, 1937, was unreasonable, and that, consequently, the petitioner

was denied by Murphy the public hearing to which he was entitled. About seven and one half months elapsed after the public hearing on August 14, 1936, before Murphy was removed from office as commissioner. Though the hearing was to be resumed at a date to be fixed by Murphy, for about four months both the petitioner and Murphy acquiesced in delay. But, beginning on December 16, 1936, the petitioner attempted, though without success, to have the hearing resumed. In the aspect most favorable to the respondent the petitioner's acquiescence in delay did not extend beyond a reasonable time after December 16, 1936, unless the letter of January 18, 1937, from counsel for the petitioner to Murphy, imports acquiescence by the petitioner in further delay. Clearly, however, it does not import acquiescence in any considerable delay thereafter. A delay of about two and one half months thereafter in resuming the hearing was unreasonable as matter of law on the facts admitted, in the absence of other facts excusing such delay. And the petitioner was not required to negative every conceivable excuse for delay which, on the undisputed facts, was unreasonable. Compare *Young* v. *New York, New Haven & Hartford Railroad*, 273 Mass. 567, 570. Moreover, it cannot be ruled that by acquiescence in delay in resuming the hearing, or by any other conduct of the petitioner, he waived his right to a public hearing or was estopped to assert that right subject to the delay in which he acquiesced.

It follows from what has been said that the petitioner, having been denied a public hearing by Murphy, was entitled, by force of the statute (§ 43), to be reinstated by Murphy in the position from which the petitioner had been removed. He was not deprived of this right by reason of the admitted fact that the position "has not been recreated." The reason stated for the removal of the petitioner was the abolition of the position. But the validity of such abolition, so far as it affected his right to the position, was a question which he was entitled to have reviewed on petition to the District Court. Since the petitioner was wrongfully denied such a review, the attempted abolition of the

position cannot be relied on in this proceeding to prevent his reinstatement. The case is unlike *Reynolds* v. *McDermott*, 264 Mass. 158, 165, where there was no right to review by the District Court of the validity of the abolition of the office. The fact that the position "has not been recreated" is therefore immaterial. And it is not material to the right of the petitioner to be reinstated that "no appropriation for the salary . . . [of the position] has been made by the Legislature," whatever effect this fact may have upon the right of the petitioner in another proceeding to collect arrears of salary or compensation in any form for the period during which he has been prevented from performing the duties of the position. See *Hill* v. *Mayor of Boston*, 193 Mass. 569, 575–576; *Lattime* v. *Hunt*, 196 Mass. 261, 267; *Police Commissioner of Boston* v. *Boston*, 279 Mass. 577, 582–583.

The petition can be maintained against the respondent, the successor in office of Murphy. The petitioner's right to reinstatement arose out of the delinquency of Murphy in the performance of his official duty. It cannot now be enforced against Murphy, if for no other reason, because he has no longer the capacity to reinstate the petitioner. *Knights* v. *Treasurer & Receiver General*, 236 Mass. 336, 337–338. *Tymon* v. *Commissioner of Public Works of Quincy*, 258 Mass. 370. But the petitioner's right to reinstatement by reason of the wrong of Murphy was not lost merely by the removal of Murphy from the office of commissioner and the appointment of the respondent as his successor. See *Ashton* v. *Wolstenholme*, 243 Mass. 193. If such right was not lost by the petitioner's laches, it was the official duty of the respondent (see G. L. [Ter. Ed.] c. 20, § 4, as amended) to reinstate the petitioner upon demand for such reinstatement, though such duty arose out of the failure of the respondent's predecessor to perform his duty of giving a public hearing. See *Ashton* v. *Wolstenholme*, 243 Mass. 193, 196. See also *Knights* v. *Treasurer & Receiver General*, 236 Mass. 336, 338. Compare *Commissioner of Institutions of Boston* v. *Justice of the Municipal Court of the Roxbury District*, 290 Mass. 460, 462. Such

demand was made by the petitioner on May 17, 1937, but the respondent refused to comply with the demand. Mandamus is the proper remedy to compel the respondent to perform the duty which he failed to perform upon demand. And this petition is not open to the objections against substituting a person succeeding to an office as respondent in a petition for mandamus brought against his predecessor, set forth in *Knights* v. *Treasurer & Receiver General,* 236 Mass. 336, 338–339. See also *Tymon* v. *Commissioner of Public Works of Quincy,* 258 Mass. 370. But see St. 1938, c. 202. The respondent is the person against whom the petition was brought originally.

The burden of proving laches on the part of the petitioner rested upon the respondent. *Alvord* v. *Bicknell,* 280 Mass. 567, 571. It cannot be ruled as matter of law, nor does the respondent contend, that, on the admitted facts, laches on the part of the petitioner has been shown by reason of delay either in making demand for reinstatement or in bringing the petition. See *Hill* v. *Mayor of Boston,* 193 Mass. 569, 574; *Peckham* v. *Mayor of Fall River,* 253 Mass. 590, 593. And the respondent presents no contention by pleading or argument that the petitioner is barred by G. L. (Ter. Ed.) c. 31, § 46A, from maintaining the petition.

It follows from what has been said that the petitioner is entitled to a writ of mandamus commanding the respondent to reinstate him in the office of assistant director. But the writ should not order reinstatement "without loss of compensation." There is no statutory provision applicable to a petition for a writ of mandamus — like that applicable to a petition for review in the District Court — providing in terms that reinstatement shall be "without loss of compensation." § 45. The present petition is governed by the statute relating to petitions for writs of mandamus generally. G. L. (Ter. Ed.) c. 249, § 5. Whatever right the petitioner may have to compensation for the period during which he was prevented from performing the duties of the position from which he is removed, this is not the proper proceeding in which to recover such compensation. *Hill* v. *Mayor of Boston,* 193 Mass. 569, 575. *Lattime* v.

*Hunt,* 196 Mass. 261, 267. See *Police Commissioner of Boston* v. *Boston,* 279 Mass. 577, 582–583. And no facts are established upon which damages against the respondent may be assessed. See *Hill* v. *Mayor of Boston,* 193 Mass. 569, 575.

> *Peremptory writ to issue commanding the respondent to reinstate the petitioner.*