FRANKLIN S. RILEY & others *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION. October 29, 1941. Exceptions sustained. This petition for a writ of mandamus was brought in the Superior Court. The petitioners are registered voters of the town of Wilmington. The respondents constitute the Alcoholic Beverages Control Commission established by G. L. (Ter. Ed.) c. 6, § 43. See St. 1933, c. 120, § 2; St. 1933, c. 375, § 1. The petitioners pray for a writ commanding the respondents "to examine into the matter of the alleged illegal issuance of the so called seasonal license" described in the petition "for the sale of alcoholic beverages in the Town of Wilmington for the year 1941, and to exercise their power of revocation and cancellation with respect thereto if found to be in excess of the legal quota allowed said Town for the year 1941." See G. L. (Ter. Ed.) c. 138, § 17, as appearing in St. 1933, c. 376, § 2, as amended by St. 1937, c. 424, § 3; G. L. (Ter. Ed.) c. 138, § 64, as appearing in St. 1934, c. 385, § 20; G. L. (Ter. Ed.) c. 138, § 67, as appearing in St. 1938, c. 400. The Superior Court ordered a writ to issue substantially in the terms of the prayer, and the respondents excepted. The case was heard on the petition and an answer denying some of the allegations of the petition and admitting the others. None of the allegations of the answer was traversed, and no evidence was introduced. The case, therefore, is presented on the facts alleged in the petition and not denied by the answer. *Lowry* v. *Commissioner of Agriculture*, 302 Mass. 111, 112. *Lydia E. Pinkham Medicine Co.* v. *Gove*, 305 Mass. 213, 216. Compare *Pettengell* v. *Alcoholic Beverages Control Commission*, 295 Mass. 473, 474. On the facts so presented there is no ground for issuing the writ. The answer denied the allegation in the petition that the so called seasonal license described therein was issued. Indeed, it does not appear from the facts before the court that any such licenses have been issued in the town. There is, therefore, on the facts presented no license with respect to which the respondents have any duty "to exercise their power of revocation and cancellation" or any duty "to examine into the matter of the alleged illegal issuance of the so-called seasonal license" described in the petition. Principles of law applicable to different facts need not be considered.

The case was submitted on briefs.

*R. T. Bushnell*, Attorney General, & *R. Clapp*, Assistant Attorney General, for the respondents.

*W. J. White, Jr.*, for the petitioners.