THOMAS N. ASHTON *vs.* ALBERT WOLSTENHOLME.

Bristol.     October 24, 1922. — November 29, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Civil Service.   Actionable Tort.   Damages,* In tort.

If the office of a city engineer is subject to civil service, retention by the city engineer of an employee in a grade to which he was unlawfully demoted by the engineer's predecessor in office renders the engineer liable to the employee in an action of tort for resultant damages, irrespective of whether the conduct of the defendant was actuated by good faith.

At the trial of an action of the character above described, evidence tending to show good faith on the part of the defendant is irrelevant and immaterial.

Where, at the trial of an action of the character above described, it is not contended that the plaintiff was not entitled to be employed in the higher grade, an exclusion of the rules of the civil service commission is not reversible error.

In an action of the character above described, the plaintiff is entitled to recover as damages an amount reasonably paid by him for counsel fees in procuring his reinstatement through mandamus proceedings, expenses to which he was put in those proceedings, damage due to mental suffering sustained, so far as it was the natural and proximate result of the defendant's unlawful conduct, and salary lost by reason of the defendant's acts.

Where, at the trial of an action of the character above described, the jury found that the plaintiff, by reason of the defendant's acts, had suffered a loss of salary

amounting to $500 and, subject to an exception by the defendant, assessed damages including that amount, and the record before this court disclosed no evidence warranting a finding of any loss of salary, a rescript issued, *ordering*, that if within thirty days the plaintiff remitted the sum of $500, the defendant's exceptions should be overruled, and that otherwise they should be sustained.

TORT for damages resulting from an unlawful retaining of the plaintiff in civil service Grade B in the city engineer's office in Fall River instead of restoring him to Grade C from which he was unlawfully demoted by the defendant's predecessor in office. Writ dated August 26, 1919.

In the Superior Court, the action was tried before *Bishop,* J. Material evidence and specific findings by the jury are described in the opinion. At the close of the evidence, the defendant asked for the following rulings among others:

"1. On all the evidence, plaintiff cannot recover."

"3. If the jury find that the defendant acted in good faith and without malice under circumstances as testified to in this case, the plaintiff cannot recover, even though his decision as to plaintiff's grade was erroneous.

"4. If the defendant acted in good faith in all that he did relating to plaintiff's grade, then the plaintiff cannot recover."

"8. By plaintiff's delay or failure to bring action or proceedings to have his classification restored from the time of City Engineer Borden's action thereon in August, 1914, the defendant was justified in continuing plaintiff's classification as his predecessor in office had left it, if the jury find the defendant acted in good faith.

"9. On all the evidence in this case, the plaintiff cannot recover anything on account of salary.

"10. In assessing damages the jury cannot take into consideration possible increases in salary, the same being too remote and speculative."

"12. If the jury find the defendant acted in good faith and without malice in deciding a close or debatable question then good faith and lack of malice is a defence to this action."

The rulings were refused. The jury found for the plaintiff in the sum of $666; and the defendant alleged exceptions.

The case was submitted on briefs.

*L. E. Wood & I. Brayton,* for the defendant.

*W. M. Sullivan,* for the plaintiff.

CARROLL, J.   The plaintiff entered the employ of the city of Fall River in the office of the city engineer, in December, 1913. He was certified by the civil service commission, his classification being Grade C, Class 27, and was assigned to Grade C duties. At that time J. Edgar Borden was the city engineer. There was evidence that Borden placed the plaintiff in Grade B, a grade lower than Grade C; that Borden retired as city engineer in December, 1915; that the defendant was appointed to the office in February, 1916; that after Borden's retirement the plaintiff discovered he had been lowered in rank by Borden to Grade B without notice and without any reasons given.   The plaintiff testified he informed the defendant shortly after his appointment that he, the plaintiff, had been lowered in rank by the former city engineer, and requested the defendant to reinstate him; that the defendant told the plaintiff the matter would be considered; that "he [the defendant] spent about eight months considering the matter;" that the plaintiff saw the defendant two or three times during the eight months, "and the defendant kept putting him off," and finally he informed the defendant "that if he refused to reinstate him, it would necessitate his going to court," to which the defendant replied, "he was willing to take his chance in court." In May the plaintiff filed a petition for a writ of mandamus, and in July, 1918, the writ issued commanding the defendant to restore the plaintiff to all his rights and privileges in Grade C. The action is in tort to recover damages for the failure of the defendant to restore the plaintiff to his proper grade under the civil service regulations.   The jury found for the plaintiff.

In *Stiles* v. *Municipal Council of Lowell,* 233 Mass. 174, it was decided that the members of the municipal council of the city, in passing on the removal of a city official under civil service rules, were bound to act in accordance with the law, that the plaintiff had an interest in remaining in the office, of which he could not be deprived except in accordance with the law, and that they were liable in damages to the plaintiff for his illegal removal from office.   In the case at bar the jury could find that the plaintiff was illegally lowered in rank from Grade C, and that the defendant, although notified and requested to restore the plaintiff to his proper grade, refused to do this until required by the writ of mandamus.   If the plaintiff was lowered in rank except as

authorized by the statute, G. L. c. 31, § 40, the officer guilty of the wrong would be liable in damages. *Stiles* v. *Municipal Council of Lowell, supra. Larned* v. *Wheeler,* 140 Mass. 390. And if the defendant continued for eight months, without lawful excuse, to refuse to restore the plaintiff to the grade assigned him, he would be liable for the wrong done the plaintiff. See *Stiles* v. *Municipal Council of Lowell, supra.*

The defendant's first request, that the plaintiff could not recover, was refused properly. There was no error in refusing the request bearing on the defendant's good faith in failing to restore the plaintiff to the grade assigned him by the civil service commission. The defendant's good faith constituted no defence for the wrong done. As stated in *Stiles* v. *Municipal Council of Lowell, supra,* page 185, "Good faith and absence of malice in the perpetration of such a palpable wrong to the plaintiff constitute no defence to the defendants against the almost inevitable effect of their acts."

The defendant offered a letter from Borden to the civil service commission and the reply of the commission thereto for the purpose of "showing good faith on the question of damages." As the good faith of the defendant was not material and the letters were offered on this ground, they were excluded properly. The regulations of the civil service commission relating to the grade of employees in the city engineer's office and defining grades B and C were excluded subject to the defendant's exception. It was apparently undisputed that the plaintiff, as an employee of the city engineer's office, was entitled to a position under Grade C. We do not think the defendant was harmed by excluding these regulations and there was no reversible error of law in this ruling.

The judge submitted certain questions to the jury. They found that the plaintiff had sustained a loss of salary from March 23, 1916, to July 1, 1918, of $500; that he was damaged to the extent of $40 by reason of the time spent in preparing for the trial in the mandamus proceeding; that he sustained damages because of mental suffering to the extent of $1; that his expense for counsel fees in the mandamus proceeding was $125. The jury returned a verdict for the plaintiff in the sum of $666. The amount reasonably paid for counsel fees in procuring the plaintiff's reinstatement in the office was an element of damage, and the jury could consider

the mental suffering sustained, so far as it was the natural and proximate result of the defendant's unlawful conduct; and the plaintiff could recover for whatever expense he was put to in conducting the litigation. *Stiles* v. *Municipal Council of Lowell, supra,* 183, 184, 185. See *Wheeler* v. *Hanson,* 161 Mass. 370, 376, 377.

The plaintiff was also entitled to recover the sum lost from salary by reason of the defendant's acts, but we are unable to find anything in the evidence showing that he did in fact lose any salary by being deprived of his position in Grade C. There was nothing to show what salary he would have received prior to his reinstatement if he had been placed in the proper grade. He testified that he was receiving $1,500 a year at the time the defendant became city engineer, and his salary was increased to $1,600, due to increases "given to everybody;" that after the writ of mandamus was issued the salary was raised to $1,910 a year, and that the defendant informed the compensation committee of the board of aldermen that the increase to the plaintiff's salary was "owing to the writ." The defendant testified that salaries in his office were fixed by the city engineer with the approval of the mayor, and the plaintiff's salary was increased in 1917 to $1,600, in 1918 to $1,750, and in 1918, after the writ issued in the mandamus proceeding, to $1,910; "that there was nothing in his office relating to Mr. Ashton's grade excepting the letter" which had been excluded. The plaintiff testified that he sustained the loss of salary from the time the defendant came into office until restored to the proper grade by the writ of mandamus; but there is no evidence showing what this loss was. It does not appear what salary he would have received in Grade C, or to what extent he would receive a larger compensation if reinstated. The jury found he was damaged to the extent of $500 by loss of salary; but as we can find no evidence to sustain this finding, or which would authorize the jury to find any substantial loss of salary, there was error in refusing the defendant's request that "the plaintiff cannot recover anything on account of salary."

If within thirty days from the filing of the rescript the plaintiff remits the sum of $500, the exceptions are to be overruled; otherwise, the exceptions are to be sustained.

*So ordered.*