THOMAS N. ASHTON *vs.* ALBERT WOLSTENHOLME.

Bristol.     October 26, 1925. — November 23, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Civil Service.*

A finding, that one certified by the civil service commission and employed by a city as assistant city engineer under the civil service in Class 27, Grade D, in May, 1919, was not lowered in rank or position by the city engineer in August, 1920, is warranted by evidence showing that after May, 1919, no change as to the assistant's grade was made in the record of the commission; that in April, 1920, the city engineer omitted the assistant's classification from the payrolls, and kept no official records in his office classifying him or any other employee; that he omitted the assistant's classification because he thought he was in Grade C, a lower grade than Grade D, and was not certain what his grade was; that after writing to the civil service commission for a ruling, he wrote to the assistant stating that he had made a statement that the assistant was in Grade C but that he never made any record of such change in grade or took any further action; and that the assistant's compensation was not lessened nor his duties changed.

TORT for damages alleged to have resulted from an alleged lowering in rank and compensation of the plaintiff, assistant engineer of Fall River, by the city engineer on August 13, 1920, in violation of G. L. c. 31, § 43. Writ dated April 20, 1923.

In the Superior Court, the action was heard by *Greenhalge*, J., without a jury. Material findings by the judge are described in the opinion. The judge ruled "that the plaintiff was not lowered in rank or compensation within the meaning of G. L. c. 31, § 43, and accordingly" found for the defendant. The plaintiff alleged exceptions.

*T. N. Ashton, pro se.*

*L. E. Wood*, for the defendant.

CROSBY, J. This is an action of tort to recover damages for the alleged lowering in rank and compensation of the plaintiff by the defendant, in violation of the provisions of G. L. c. 31, § 43.

For several years before August, 1919, the plaintiff was

employed by the city of Fall River as assistant city engineer. Before May 19, 1919, his civil service classification was Class 27, Grade C. On that date a reclassification was made by the civil service commission under which his classification was Class 27, Grade D, and was made a part of the records of the commission. His salary was $2,150 per annum. No change thereafter was made in the records of the commission.

The defendant, who was the city engineer under whom the plaintiff was employed, testified that his office payrolls from June, 1919, to April, 1920, contained the classification of the plaintiff as Grade D; that in April, 1920, this classification was omitted from the payrolls, and the same was done with reference to all other employees; that he kept no official record in his office classifying employees. He further testified that he so omitted the plaintiff's classification because he was not certain what it was, but thought it was Grade C. The defendant, being uncertain as to the plaintiff's proper classification, wrote to the commission for a ruling upon the question; after receiving a reply, he wrote to the plaintiff stating that he had said the plaintiff was in Grade C and not in Grade D; that he understood such was the decision of a justice of this court, made in a previous proceeding between the parties, and that such was the record of the civil service commission as stated in its letter to him dated June 16, 1920; and that the letter showed that the plaintiff was in Grade C. The letter written by the defendant to the plaintiff was dated August 13, 1920, and was delivered to him in hand on August 16. The plaintiff, at some time later which does not appear, resigned his position.

The case was heard by a judge of the Superior Court who found upon all the evidence that the plaintiff was duly designated and enrolled upon the civil service list as a civil engineer, Grade D; and was entitled to and held such office or employment in the classified public service in the city from and after May 28, 1919; that some time in June, 1920, the defendant was of the opinion that the plaintiff was entered in Grade C, and so notified him by the letter of August 13 above referred to, and omitted the designation D as applied to the

plaintiff; that the defendant took no further action in the premises, and that the plaintiff, without interference from him, continued to perform the same duties and to receive the same or greater emoluments as long as he continued to be employed by the city. The judge further found that under the civil service laws, and rules thereunder, Grade D is determined by the character of the duties performed, and that it is provided "that it shall be *prima facie* evidence that a position in Class 27 of Rule 6, Section 1, is not in Grade D, that the salary is more than . . . [$3,000.00] and that salaries do not determine classification under the section." On the facts found the court ruled that the plaintiff was not lowered in rank or compensation within the meaning of G. L. c. 31, § 43, and accordingly found for the defendant.

If the defendant lowered the plaintiff in rank or compensation contrary to the statute, he is liable in damages to the plaintiff even if he acted in good faith. *Ashton* v. *Wolstenholme*, 243 Mass. 193, 196. The undisputed facts show that the plaintiff was not lowered in rank or compensation within the meaning of the statute. The records of the civil service commission show that the reclassification of the plaintiff by the defendant as Grade D in May, 1919, was assented to by the commission and entered upon its records and has never been changed. It also appears that while the defendant had before April, 1920, placed on the payroll the classification of all the employees, it was thereafter omitted; that although he believed that the plaintiff belonged in Grade C and so wrote him, he never made any record to that effect, and kept no record in his office classifying the plaintiff or any other employees. Although the defendant wrote the plaintiff that the latter was in Grade C, it does not appear that he took any further action in the premises and the plaintiff, without interference from him, continued to perform the same duties until he resigned. He testified that after the board of aldermen adopted an order in May, 1920, increasing the salaries of office employees, he received an increase of $189 a year. If he did not receive the full amount of the increase, that fact is immaterial to the issue presented in the case at bar.

The finding of fact that the plaintiff from and after May 28, 1919, was entitled to, and held his office under Grade D, must stand as the entire evidence before the judge is not reported. Upon the facts found the judge correctly ruled that the plaintiff was not lowered in rank or compensation. It follows that the exceptions to the requests for rulings given and refused cannot be sustained.

*Exceptions overruled.*