REAL J. CHARTRAND *vs.* CLEMENT A. RILEY.

Suffolk. April 2, 1968. — May 3, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Damages*, Counsel fees, Public officer. *Mandamus. Public Officer.*

Where, in a mandamus proceeding against a public officer by a civil service employee of the Commonwealth, the writ issued commanding reinstatement of the petitioner in his position after an improper discharge therefrom by the respondent and the petitioner's "damages" were assessed and, "together with costs," were paid by the Commonwealth, the petitioner was not entitled, in an action of tort against the respondent as an individual, to recover the counsel fees expended by the petitioner in connection with the mandamus proceeding.

TORT. Writ in the Superior Court dated February 15, 1963.

The action was tried before *Hudson*, J.

*Oscar S. Burrows*, Assistant Attorney General, for the defendant.

*Lawrence H. Adler* for the plaintiff.

---

SPIEGEL, J.  This is an action of tort in which the plaintiff seeks to recover damages from the defendant "as a result of the alleged improper discharge of the plaintiff, a civil service employee of the Massachusetts Registry of Motor Vehicles, by the defendant while he was Registrar of Motor Vehicles for the Commonwealth."  The declaration is in two counts.  Count one is for "counsel fees" expended by the plaintiff in a successful mandamus proceeding to compel reinstatement to his position.  *Chartrand v. Registrar of Motor Vehicles,* 347 Mass. 470.  Count two is for "loss of reputation and mental suffering."  The defendant filed a motion for a directed verdict.  The trial judge denied the motion, and the defendant excepted.  The jury returned a verdict for the plaintiff in the amount of $8,500 on count one, and a verdict for the defendant on count two.  The case is here on the defendant's exception to the judge's failure to direct a verdict in his favor.

In the prior proceeding, the Superior Court "ordered a writ of mandamus to issue directing the reinstatement of . . . [the plaintiff] to his position . . . in the Registry . . . without loss of pay . . ." from the time of his dismissal.  In accordance with the provisions of G. L. c. 249, § 5,[1] the court "assessed damages for the plaintiff . . . in the sum of . . . $29,434.86 . . . and this sum together with costs of $931.34 . . . was duly paid to the plaintiff by the Commonwealth."

The defendant contends that "[t]axable costs are in contemplation of law full indemnity for the expenses of a party . . ." and that "[c]ounsel fees are awarded, not as separate and distinct from costs, but as a part of costs."  Since the plaintiff has already been awarded his costs, the defendant argues, he cannot recover his counsel fees in this action.  We agree.  "Taxable costs are deemed full compensation to the prevailing party for the expense of conducting litigation,

---

[1] General Laws c. 249, § 5, as amended through St. 1949, c. 176, reads in pertinent part: "If the petitioner prevails, his damages, including any salary or wages to which the petitioner may be entitled, shall be assessed and judgment shall be rendered therefor, with costs . . . ."

even though in fact such costs do not cover his legal or other expense." *Goldberg* v. *Curhan*, 332 Mass. 310, 311–312.

We are aware of the cases of *Stiles* v. *Municipal Council of Lowell*, 233 Mass. 174, *Ashton* v. *Wolstenholme*, 243 Mass. 193, and *Malloy* v. *Carroll*, 287 Mass. 376. In the light of these decisions the judge's denial of the defendant's motion is understandable. However, we believe that the reasoning of these cases, if adopted without modification, would leave an unacceptably broad loophole in the general rule. The decision allowing counsel fees in *Stiles* v. *Municipal Council of Lowell*, *supra*, rests in part on the case of *Wheeler* v. *Hanson*, 161 Mass. 370. In that case, counsel fees were awarded in an action of tort for malicious prosecution. In such a case, a persuasive argument can be made for such an award. In the other cases cited above, however, the recovery of counsel fees was not limited to such exceptional circumstances. In *Malloy* v. *Carroll*, it was said: "In actions based on wrongful conduct of the defendant, where the wrong is of such a character that the proper protection of the plaintiff's rights necessarily requires him to employ counsel to gain redress for the wrong, he may recover as an element of damage reasonable counsel fees." *Supra* at 385. A rule so formulated, it would seem, could be extended to any case where the plaintiff has to seek his remedy in the courts.

The trend in more recent decisions has been to deny the inclusion of these expenses in the award of damages. Compare *Goldberg* v. *Curhan*, 332 Mass. 310 (suit to enjoin false representations by a business competitor); *MacNeil Bros. Co.* v. *Cambridge Sav. Bank*, 334 Mass. 360 (suit to redeem real estate from mortgages); *Bright* v. *American Felt Co.* 343 Mass. 334 (petition by an administrator to release funds of decedent held on attachment on trustee process); *Donaldson* v. *Boston Herald-Traveler Corp.* 347 Mass. 274 (suit to compel inspection of corporate stock and transfer books); *East Longmeadow* v. *Maryland Cas. Co.* 348 Mass. 722 (action against a surety on a performance bond); *Manganaro* v. *DeSanctis*, 351 Mass. 107 (bill for an accounting);

*Saunders* v. *Austin W. Fishing Corp.* 352 Mass. 169 (suit to reach and apply proceeds of an insurance policy). In an action of mandamus, counsel fees are no more an essential item of damages than they were in the cases just cited. The case at bar does not resemble *Wheeler* v. *Hanson, supra,* and should be subject to the general rule.

There is a further reason why we believe that the plaintiff's recovery here was improper. The plaintiff had his remedy in mandamus against the defendant in his official capacity. General Laws c. 249, § 5, was amended by St. 1949, c. 176, to permit the recovery by improperly discharged persons of their back salary in the same mandamus action. General Laws c. 249, § 5, also provides that "[i]f the respondent is the holder of a public office and pending the determination of the cause he ceases to hold that office, the court in its discretion may . . . allow an amendment to substitute his successor in office as a party respondent." It appears to us that the legislative intent is to give persons such as the plaintiff an exclusive remedy against a public official ex officio. That this is the nature of the remedy provided is substantiated in the mandamus action which preceded the case at bar, for there the defendant's successor was in fact substituted for him as respondent (*Chartrand* v. *Registrar of Motor Vehicles,* 347 Mass. 470, 472n) and the judgment was paid by the Commonwealth. We conclude that even if counsel fees were a recoverable item of the plaintiff's damages, he would not be able to recover them from the defendant in his individual capacity. To hold a public official personally responsible for such damages would hardly inspire other officials to the forthright and independent action which the public interest demands.

The defendant was entitled to a directed verdict. In so far as this opinion is in conflict with the cases of *Stiles* v. *Municipal Council of Lowell,* 233 Mass. 174, *Ashton* v. *Wolstenholme,* 243 Mass. 193, and *Malloy* v. *Carroll,* 287 Mass. 376, we do not choose to follow them.

*Exceptions sustained.*
*Judgment for the defendant.*