JOHN PAPARO *vs.* TOWN OF PROVINCETOWN & others.[1]

No. 92-P-520.

Barnstable. March 18, 1993. - June 21, 1993.

Present: DREBEN, SMITH, & GILLERMAN, JJ.

*Police*, Incapacity, Municipality's liability.

A town could not terminate payment of disability benefits under G. L. c. 41, § 111F, to a police officer merely upon the expiration of the officer's term of appointment, where those benefits were otherwise payable by reason of an incapacity suffered because of an injury sustained in the performance of the officer's duties. [626-628]

A final judgment entered by a Superior Court judge ordering a town to continue to pay a police officer, whose term of appointment had expired, disability benefits under G. L. c. 41, § 111F, "until [he] can return to work," should have taken account of the possibility that the town might retire or pension the officer, or that the officer's incapacity might be found to have terminated and, further, should have specified the rate of benefits to which the officer was entitled. [628]

CIVIL ACTION commenced in the Superior Court Department on February 8, 1991.

The case was heard by *James J. Nixon*, J., on a motion for summary judgment.

*Sally J. Calhoun* for the defendants.
*Frederick C. Grosser* for the plaintiff.

GILLERMAN, J. The town of Provincetown (the town) hired John Paparo to work as a police officer from April 15, 1990, to October 15, 1990. He suffered disabling injuries while per-

---

[1]The Provincetown board of selectmen and Elizabeth Steele, chairperson of the board of selectmen. The plaintiff has acknowledged that the board of selectmen and its individual members are not personally liable and that the complaint should be dismissed as against the board and Elizabeth Steele.

forming his duties, and pursuant to G. L. c. 41, § 111F,[2] the town placed him on leave and paid him his full salary, but only to the last day of the term of his appointment.

A Superior Court judge granted Paparo's motion for summary judgment and entered a final judgment ordering the town to continue to pay Paparo until he was capable of returning to work, and the town appealed. We must resolve the question which the court left open in *Jones* v. *Wayland*, 374 Mass. 249, 260 n.9 (1978) — whether a town may discontinue payment of § 111F benefits to an incapacitated police officer upon the expiration of the term of his appointment.[3,4] We hold that the town may not discontinue benefits, and we affirm the judgment.

Section 111F "filled a gap in the Work[ers'] Compensation Act," *Wormstead* v. *Town Manager of Saugus*, 366 Mass. 659, 664 n.5 (1975); it was "designed to do for police officers what c. 152 does for industrial workers who incur job related injuries," *DiGloria* v. *Chief of Police of Methuen*, 8 Mass. App. Ct. 506, 512 (1979).[5] The section states that the benefits provided by that section continue "for the period of . . . incapacity," but they may not be paid after the officer has been retired or pensioned, nor after a town-designated physician determines that the officer is no longer incapacitated. These latter conditions, which do not exhaust all the

---

[2] The relevant portion of G. L. c. 41, § 111F, as appearing in St. 1964, c. 149, provides: "Whenever a police officer . . . of a city [or] town . . . is incapacitated for duty because of injury sustained in the performance of his duty without fault of his own, . . . he shall be granted leave without loss of pay for the period of such incapacity; provided, that no such leave shall be granted for any period after such police officer . . . has been retired or pensioned in accordance with law or for any period after a physician designated by the board or officer authorized to appoint police officers . . . in such city [or] town . . . determines that such incapacity no longer exists."

[3] The *Jones* case was decided on the basis of the plaintiff's voluntary resignation as a special police officer.

[4] The fact that Paparo was a police officer for a term of months does not disqualify him from receiving § 111F benefits. *Jones* v. *Wayland, supra* at 255-256.

[5] Police officers are not eligible to receive benefits provided by the Workers' Compensation Law. See G. L. c. 152, § 69.

possible reasons for terminating § 111F benefits, see *Hennessey* v. *Bridgewater*, 388 Mass. 219, 225-226 (1983), express the legislative intent to prevent a police officer from receiving "double benefits" (e.g., pension plus full pay for disability) or a "windfall" (e.g., full pay benefits plus capability to hold another job). *Id.* at 226.

Circumstances other than those just described have been held to disqualify an officer's claim to § 111F benefits — when an officer voluntarily resigned his position, as in *Jones* v. *Wayland*, 374 Mass. at 260, or when an officer was engaged in illegal conduct, as in *Hennessey* v. *Bridgewater*, 388 Mass at 226.[6] In *Jones*, the officer effectively waived his right to § 111F benefits; in *Hennessey*, the officer forfeited any claim to the continuation of wages. In both instances the termination of benefits did not frustrate any of the purposes served by § 111F. See *Hennessey* v. *Bridgewater, supra* at 225-226. These purposes include a legislative design to "afford some protection to a disabled officer pending recovery," *Jones* v. *Wayland, supra* at 260. But, here, the police officer did not waive or forfeit his claim to benefits, and so long as he is disabled he is not in a position to obtain double pay or a windfall.[7] In *Thibeault* v. *New Bedford*, 342 Mass. 552, 556-557 (1961), the court held that the town could not terminate a disabled officer's § 111F benefits by terminating his probationary period even though the termination of the probationary period was within the town's authority under G. L. c. 31, § 20D. The court explained that the § 20D notice of termination "cannot cut off an accrued right to a leave of absence with pay under G. L. c. 41, § 111F." *Id.* at 557. Even though *Thibeault* is described in *Hennessey* v. *Bridgewater*, 388 Mass. at 225, as a "holding [which] precluded

---

[6]See also *Dyer* v. *Lunenburg, ante* 606 (1993). *Dyer* arose under G. L. c. 32, § 85H, but the operative language of § 85H and that of § 111F, so far as here material, are nearly identical. In *Dyer* the town, but not the town-designated physician, established that the call fire fighter was no longer incapacitated. The termination of benefits was affirmed on appeal.

[7]Under the provisions of § 111F, the town retains the right to designate a physician who may examine the plaintiff for the purpose of determining whether his incapacity continues to exist.

the city from using the officer's incapacity and resultant absence as reasons, under one statute [G. L. c. 31, § 20D], to withhold benefits provided by another statute [G. L. c. 41, § 111F,] to compensate for that very incapacity," that characterization does not diminish the principle that, absent some overriding disqualification such as waiver, forfeiture, pension, retirement, or termination of incapacity, rights to disability benefits, once accrued to the benefit of the disabled officer, cannot be cut off by the expiration of the period of employment.

We know of no sound reason to construe § 111F so as to permit the town to terminate benefits merely upon the expiration of a term of appointment where those benefits are otherwise payable by reason of an incapacity suffered because of an injury sustained in the performance of the officer's duties. The section itself contains no such express limitation. It is true, as the town argues, that it is not contemplated that the plaintiff will return to duty beyond the period of his appointment, see *Hennessey* v. *Bridgewater*, 388 Mass. at 226, but it is also true that the termination of disability benefits to an injured police officer before recovery and without manifest justification will work a very substantial discouragement to any person considering a time-limited appointment as a police officer — a result that the Legislature is not likely to have intended.[8]

The town is correct, however, in pointing out that the final judgment ordering the continuation of payments to the plaintiff "until [he] can return to work" does not take account of the possibility that the town may retire or pension the plaintiff, or that the plaintiff's incapacity may be found either by the town or by the town-designated physician to have terminated. Further, the rate of benefits to which the plaintiff is entitled should be specified, namely, the same rate of pay he was receiving when injured in the performance of his duties.

---

[8]The town also argues that the civil service law does not permit the continuation of the plaintiff's employment without compliance with the numerous provisions of G. L. c. 31. The argument has no merit; the only issue before us is the interpretation to be given to § 111F.

The judgment is vacated and a new judgment is to enter which (1) dismisses the complaint as to the board of selectmen and Elizabeth Steele and (2) is in accordance with this opinion.

*So ordered.*