Neel, J.
This is an action brought by several Som-
erville police officers seeking judicial review of a Civil Service Commission (“the Commission”) decision pursuant to G.L.c. 31, §44. The plaintiffs contend that their rights were violated by the City of Somerville’s decision (affirmed in part by the Commission) to lay off the plaintiffs while retaining a more junior officer because of his injured leave status.
For the reasons that follow, this court affirms the Commission’s decision.
STATEMENT OF FACTS
The facts, as presented in the administrative record and stipulated to by the parties,[2] are as follows.
On July 28, 1988, plaintiff Gerald Reardon (“Reardon”) was appointed as a permanent police officer with the Ciiy of Somerville.
On February 13, 1989, plaintiffs Michael Brown (“Brown”) and Timothy Doherty (“Doherty”) began their employment as Somerville police officers.
On September 11, 1989, Joseph McCain (“McCain”), Daniel McCarthy (“McCarthy”), John Vozella (“Vozella”) and Paul Duffy (“Duffy”) began their employment as Somerville police officers.[3]
On May 21, 1991, plaintiffs Brown, Doherty, McCain, McCarthy, Reardon and Vozella received notices that the City of Somerville contemplated terminating them from their employment due to lack of funds.
On June 8, 1991, Officer Paul Duffy was injured in the performance of duty. He returned to active duty on August 12, 1991. He was compensated for the time spent on injured leave status, from June 8 to August 12, 1991, pursuant to G.L.c. 41, §111F.[4] He was not laid off.
Effective June 30, 1991, Brown, Doherty, McCain, McCarthy, Reardon, and Vozella were laid off.
Effective August 18, 1991, plaintiffs Brown, Doherty and Reardon were recalled to work.
Effective August 26, 1991, plaintiffs McCain, Vozella and McCarthy were recalled to work.
Brown, Doherty, McCain, McCarthy, Reardon and Vozella appealed[5] the June 6, 1991 decisions of the City of Somerville to lay them off from their positions as police officers.
On October 17, 1991, Administrative Magistrate Kimberly A. Fletcher heard the appeals. On March 23, 1992, the Magistrate issued a Recommended Decision concluding that “Officer Duffy should have been laid off and not Appellant Reardon.” The rationale for her decision was that Officer Duffy’s injured leave status during the layoff period did not nullify the requirement that layoffs due to lack of funding be conducted in order of reverse seniority pursuant to G.L.c. 31, §39.[6] Accordingly, had Duffy been laid off, Reardon, as the most senior employee, would not have been laid off.
*70 The Magistrate concluded that only Officer Reardon, and not the other plaintiffs in this suit, was entitled to back pay and benefits for the two-month period he was laid off before being recalled in August of 1991. This conclusion was based on the fact that the City of Somerville would only have been able to retain one of the officers who was laid off in June of 1991 in the place of Officer Duffy.
On March 30, 1992, the Civil Service Commission voted to adopt the findings and recommendation of the Administrative Magistrate.
The plaintiffs are now seeking judicial review of the Commission/Magistrate decision. In support of their position that the plaintiffs other than Officer Reardon should be compensated for the approximately two-month period they were laid off in 1991, plaintiffs contend that the Administrative Magistrate’s conclusion that c. 41, §111F does not nullify the requirements of G.L.c. 31, §39 necessarily leads to the conclusion that all officers senior to Duffy who were laid off must be reinstated.
DISCUSSION
General Laws Chapter 31, §44 provides that a party aggrieved by a final order of the Commission may institute proceedings for judicial review in the Superior Court. Such proceedings are governed by the provisions of G.L.c. 30A, §14.
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bds., 27 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. State Bldg. Code Comm’n, 11 Mass.App.Ct. 333, 334 (1981), citing Almeida Bus Lines, Inc. v. Department of Pub. Utils., 348 Mass. 331, 342 (1965). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcoholic Beverages Control Comm'n, 401 Mass. 713, 721 (1988); Quincy City Hosp. v. Labor Relations Comm’n, 400 Mass. 745, 748-49 (1987). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982), citing Olde Towne Liquor Store, Inc. v. Alcoholic Beverages Control Comm’n, 372 Mass. 152, 154 (1977).[7] A court may not dispute an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it de novo. Zoning Bd. of Appeals of Wellesley v. Housing Appeals Comm’n, 385 Mass. 651, 657 (1982).
The Magistrate’s decision is not based on an error of law, as neither of the conflicting provisions which are applicable to this case, G.L.c. 31, sec. 39 (the seniority provision) and G.L.c. 41, sec. 111F (the injured leave status provision), speak to the issue of which statute “trumps” the other.
The Magistrate’s decision is not inconsistent with the policy behind the injured leave status statute, which is to “afford some protection to a disabled officer pending recovery.” Paparo v. Provincetown, 34 Mass.App.Ct. 625, 627 (1993). While the statute has been interpreted to preclude termination of an officer on injured leave status for the disability that gave rise to the leave, there is no case law addressing the issue of whether an injured employee may be part of a layoff necessitated by budget constraints. See Januskiewicz v. Board of Selectmen of Shirley, 17 Mass.App.Ct. 1037, 1038 (1984); Paparo, 34 Mass.App.Ct. at 628 (benefits of disabled officer on c. 41, sec. 11 IF leave can not be cut off absent some overriding disqualification).
Finally, it is worth noting that the City of Somerville complied with the Commission’s order that it reinstate the most senior officer (Reardon) who was laid off while Officer Duffy, who was more junior, was out on injured leave. As pointed out by the Magistrate, it defies all logic to require that each of the officers with more seniority than Officer Paul Duffy at the time of his respective layoff be entitled to a windfall of two months pay. Only one officer’s status was detrimentally affected by Paul Duffy’s continued employment during the period when several officers were laid off due to budgetaiy constraints.
ORDER
For the foregoing reasons, the Commission’s decision is hereby AFFIRMED.

 The parties also stipulated that the administrative decision would only address the issue of seniority, although the appellants/plaintiffs reserved the right to challenge whether the layoffs were exercised for just cause.

 It is undisputed that Reardon is the most senior among the plaintiffs, and is senior to Duffy; given the court’s decision, the relative seniority of the other plaintiffs is irrelevant, and the court expresses no view on the question.

 G.L.c. 41, §111F provides, in relevant part:
Whenever a police officer ... of a city ... is incapacitated for duty because of injury sustained in the performance of his duty without fault of his own, ... is so incapacitated because of injuries so sustained, he shall be granted leave without loss of pay for the period of such incapacity; provided, that no such leave shall be granted for any period after such police officer .. . has been retired or pensioned in accordance with law or for any period after a physician designated by the board or officer authorized to appoint police officers ... in such city . . . determines that such incapacity no longer exists.

 Neil Brennan, a former plaintiff listed in the case caption, withdrew his appeal along wfith four other officers.

 G.L.c. 31, sec. 39 provides, in relevant part:
If permanent employees in positions having the same title in a departmental unit are to be separated from such positions because of lack of work or lack of money or abolition of positions, they shall, except as hereinafter *71 provided, be separated from employment according to their seniority in such unit and shall be reinstated in the same unit and in the same positions or positions similar to those formerly held by them according to such seniority, so that employees senior in length of service, computed in accordance with section thirty-three, shall be retained the longest and reinstated first.

 Likewise, the court cannot interfere with the administration’s imposition of a penalty unless there are “extraordinary circumstances.” Vaspourakan Ltd. v. Alcoholic Beverages Control Comm’n, 401 Mass. 347, 355 (1987), citing Levy v. Bd. of Registration & Discipline in Medicine, 378 Mass. 519, 528-29 (1979).