Houston, J.
The plaintiff, Alexander F. Zarella (“Zarella”), brings this action against the defendants, the City of Everett and James Bonnell, Chief of the Everett Police Department, alleging violations of state and federal disability discrimination law. This matter is before this Court on the defendants’ motion to dismiss Count I, Violation of G.L.c. 152, §§75A and 75B, and Count VI, Attorneys Fees. For the reasons set forth below, the defendants motion is ALLOWED in part, and DENIED in part.
BACKGROUND
In 1975, the plaintiff Zarella commenced employment as a police officer for the defendant City of Everett (“City”), and was promoted to the position of *281 sergeant in 1985. In 1988, the plaintiff sustained a serious work-related injury to his back, which, in 1990 resulted in his involuntary retirement from the Everett Police Department, with accidental disability retirement benefits, pursuant to G.L.c. 32, §7. Thereafter, the plaintiff underwent surgery, which allowed him to recover from his injury. In 1993, a medical panel appointed by the Public Employment Retirement Administration cleared the plaintiff to return to his duties as a police sergeant with the City. In 1994, the plaintiff was reinstated to his position as police sergeant.
When the plaintiff returned to work in the Fall of 1994, he was informed by the defendants that he had been stripped of all his seniority for all purposes. In effect, he was to be treated as a first day employee of the City, thereby stripping him of benefits he would otherwise have received. Consequently, the plaintiff asserts that he has lost regular pay, overtime pay, overtime opportunities, and fringe benefits. The plaintiff further states that he has been forced to work the most onerous job assignments, work the worst hours, and has otherwise been denied vacation picks, job assignments and other benefits. The plaintiff alleges that the decision to strip him of seniority was causally related to his disability.
The plaintiff filed administrative claims with the Massachusetts Commission against Discrimination (“MCAD”) and the Equal Employment Opportunity Commission (“EEOC”) as required under G.L.c. 151B, §§5 and 9, and §706 of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et seq. He requested and received a private right of action letter from MCAD, and more than six months have now elapsed from the filing of his EEOC charge.
On August 7, 1995, after notifying the defendants of his intent to file a lawsuit, the plaintiff was notified by the defendant Bonnell that his seniority was being restored to him, but that he was being denied certain retroactive compensation due him as a result of the defendants’ conduct.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nader v. Citron, 372, 96, 98 (1977). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville Plaza Inc. v. Kotseas, 378 Mass. 85, 89 (1979). Further, á complaint should not be dismissed simply because it asserts a new or extreme theory of liability. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28 (1988). All inferences should be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice.” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991).
A. Count I. Violation of G.L.c. 152, §§75A and 75B
Plaintiff alleges in Count I of his Complaint that defendants’ conduct violated §§75A and 75B of the G.L.c. 152, Workers Compensation Act (“Act”). In their motion to dismiss, defendants argue that plaintiffs c. 152 claim must be dismissed because a police officer is not entitled to benefits under the Act. Although plaintiff concedes that dismissal with respect to §75A is appropriate for this reason, he contests the dismissal of that part of Count I relating to §75B.
General Laws c. 152, §75B provides, in relevant part:
(1) Any employee who has sustained a work-related injury and is capable of performing the essential functions of a particular job, or who would be capable of performing the essential functions of a particular job with reasonable accommodations, shall be deemed to be a qualified handicapped person under the provisions of chapter one hundred and fifty-one B.
(2) No employer or duly authorized agent of an employer shall discharge, refuse to hire or in any other manner discriminate against an employee because the employee has exercised aright afforded by this chapter.
“[A] statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.” McNeil v. Commissioner of Correction, 417 Mass. 818, 821-22 (1994).
As stated in subsection (2), §75B is violated only where “the employee has exercised a right afforded by this chapter.” Plaintiff attempts to construe §75B(1), which states the circumstances under which an employee “shall be deemed to be a qualified handicapped person under the provisions of chapter one hundred and fifty-one B,” to grant a right to be protected as a handicapped person. Plaintiffs construction reads too much into the plain language of §75B. Section 75B(1) merely expands the definition of “qualified handicapped person” to certain employees injured on the job.[2] Any resulting statutory rights, i.e. the right to be free from discrimination, arise from the provisions of c. 151B,[3] not from G.L.c. 152, §75B(1) itself.
This Court’s interpretation is consistent with the legislative intent of c. 151B. The purpose of the Workers’ Compensation Act was to relieve employees of bearing the burden of work-related injuries by *282 providing monetary payments for wage loss, medical care, and vocational rehabilitation. See generally, Locke, Workmen’s Compensation §1, at 1-2 (1981). Viewed in this context, this Court can discern no reason for construing the phrase “right afforded by this chapter” in §75B(2) to mean more than the right to receive the compensation for work-related injuries provided in c. 152. It is well established that “[pjolice officers are not eligible to receive benefits provided by the Workers’ Compensation Law.” Paparo v. Provincetown, 34 Mass.App.Ct. 625, 626 n.5 (citing G.L.c. 152, §69). Therefore, plaintiff, as a police officer, cannot assert a right of action under §75B.
This Court holds that the right to be protected as a handicapped person is not “a right afforded by . . . chapter [152], and that G.L.c. 152, §75B does not apply to any discrimination resulting from the exercise of such a right. Accordingly, defendants’ motion to dismiss Count I, Violation of G.L.c. 152, §§75A and 75B is ALLOWED.
B. Count VI. Attorneys Fees
The Americans With Disabilities Act, 29 U.S.C. §§12111 et seq. (“ADA”), which plaintiff alleges defendants violated in Count IV, incorporates the remedies and procedures of Title VII. Id. at §12117(a).[4] The United States Supreme Court has held that under Title VII of the Civil Rights Act of 1964, a court may allow the prevailing party attorneys fees for legal services performed in prosecuting an employment discrimination claim in state administrative and judicial proceedings required by Title VII. New York Gaslight Club, Inc. v. Carey, 447 U.S. 52 (1980).[5] In this case, Title VII required the plaintiff to first seek redress for his claim of disability discrimination under the state Anti-Discrimination Act, c. 151B.[6] Chapter 151B requires an aggrieved party to file an administrative claim with MCAD. G.L.c. 151B, §5. Redress under c. 151B may then be obtained either through the administrative proceedings, or, by removing the claim to the judicial system with the consent of MCAD. G.L.c. 151B, §5. Accordingly, plaintiff is entitled to reasonable attorneys fees if he prevails in the current court proceedings.
Defendants concede in their Memorandum in Support of Defendants’ Motion to Dismiss that if plaintiff prevails in the current court proceeding, then he may be entitled to attorneys fees. Defendants maintain, however, that plaintiffs present claim for attorneys fees is “premature” since he has not yet prevailed in the current court proceedings. Defendants apparently argue that plaintiff must first prevail in the current court proceedings, after which he may then file a second separate action for attorneys fees. Nothing in the federal and state laws outlining the procedures and remedies for disabilily-based discrimination compels such a waste of judicial time and resources. Where, as here, the facts alleged in a complaint show that an employer has violated the ADA by discriminating against an employee due to a disability and that the employee has subjected his claim to state proceedings as required by the ADA, the plaintiff is entitled to seek attorneys fees in the event that he prevails in the state proceedings.
Accordingly, defendants’ motion to dismiss Count VI, Attorneys Fees is DENIED.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants City of Everett and James Bonnell’s motion to dismiss Count I, Violation of G.L.c. 152, is ALLOWED, and that defendants motion to dismiss Count VI, Attorneys’ Fees, is DENIED.

Otherwise, a “handicapped person” is defined as any person who has “a physical or mental impairment which substantially limits one or more major life activities of a person.” G.L.c. 151B, §1(17) and (19).

In particular, G.L.c. 151B, §4 provides, “It shall be unlawful practice: ... 16. For any employer, personally or through an agent, to . . . discriminate against, because of his handicap, any person alleging to be a qualified handicapped person, capable of performing the essential functions of the position involved with reasonable accommodation, unless the employer can demonstrate that the accommodation required to be made to the physical or mental limitations of the person would impose an undue hardship on the employer’s business.”

Section 12117(a) of the ADA provides, in full: ‘The powers, remedies, and procedures set forth in Sections 705, 706, 707, 709, and 710 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9) shall be the powers, remedies, and procedures this title provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this Act, or regulation promulgated under Section 106 [42 USCS §12116], concerning employment.”

Title VII of the Civil Rights Act of 1964 provides, in relevant part: “In any action or proceeding under this title the court, in its discretion, may allow the prevailing party, other than the [Equal Employment Opportunity] Commission or the United States, a reasonable attorneys fee as part of the costs.” 42 U.S.C. §2000e-5(k).

Pursuant to its policy of cooperation between federal and state authorities, ‘Title VII provides that where the unlawful employment practice is alleged to have occurred in a State or locality which has a law prohibiting the practice and in which the agency has been established to enforce that law, ’no charge may be filed [with the EEOC] by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated.’ §706(c).” New York Gaslight Club, supra at 64.